Case 2:21-cv-00205 Document 10 Filed on 10/20/21 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CIPRIANO VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00205 |
| | § | |
| JANE DOE 1, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Cipriano Vargas (Inmate No. 14319479) is a federal inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on August 23, 2021, alleging claims of deliberate indifference arising in 2016 when he was a pretrial detainee. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because Plaintiff claims are barred by limitations as set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

On May 25, 2016, Plaintiff was indicted for conspiracy to traffic in methamphetamine in the Atlanta Division of the United States District Court for the Northern District of Georgia. *United States v. Cipriano* Vargas, No. 1:16-CR-0193 (N.D. Ga. filed May 25, 2016). On June 7, 2016, Plaintiff was arrested in the McAllen Division of the Southern District of Texas. *United States v. Cipriano* Vargas, No. 7:16-MJ-1098 (S.D. Tex. filed June 7, 2016) (D.E. 2, arrest warrant return). Preliminary criminal proceedings were held in the McAllen Division. During his period of pretrial detention in Texas, Plaintiff was detained at the Brooks County Detention Center and the Nueces County Jail. On June 10, 2016, United States Magistrate Judge Dorina Ramos ordered Plaintiff committed to the custody of the United States Marshals Service to be transported to the Northern District of Georgia for further proceedings. Plaintiff was transported to Georgia and arraigned in Atlanta on July 6, 2016. On August 10, 2017, Plaintiff pleaded guilty to the federal drug trafficking charge. On November 14, 2017, United States District Judge Steve C. Jones sentenced Plaintiff to 180 months custody in the Federal Bureau of Prisons. *United States v. Cipriano Vargas*, No. 1:16-CR-0193 (N.D. Ga. Nov. 11, 2017)

(Judgment). Plaintiff is currently incarcerated at Big Spring Correctional Facility in Big Spring Texas.

On August 23, 2021, Plaintiff filed this civil rights action in the Corpus Christi Division of the Southern District of Texas.[2] (D.E. 1).

Plaintiff generally alleges that the various officers and employees of three pretrial detention facilities in 2016 were deliberately indifferent to his medical needs when they neglected to provide him with adequate medical care.

On October 19, 2021, the undersigned conducted a *Spears*[3] hearing at which the Plaintiff was given an opportunity to explain his claims in more detail. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1) and More Definite Statement (D.E. 9):

On June 10, 2016, Plaintiff was incarcerated at the Brooks County Detention Center in Falfurrias, Texas. Early that morning he was taken to the facility medical department for in processing as a new detainee. "During the walk a dirt/trash debris landed in plaintiffs (sic) eye." (D.E. 1, Page 8). Plaintiff was seen by Defendant Jane[4] Doe No. 1 in the medical department who provided Plaintiff with Tylenol. Plaintiff claims Defendant Jane Doe No. 1 told Plaintiff it was just a little debris and the pain would go away shortly. (D.E.

---

[2] Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Plaintiff signed his 1983 complaint form on August 23, 2021, which is the earliest date he could have placed it in the possession of prison authorities for mailing.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[4] Defendant refers to the "Doe" defendants at various times as both John and Jane.

1, Page 8). Plaintiff alleges he was housed at the Brooks County Detention Center for eight days, during which time he requested additional medical care from Defendant Jane Doe No. 1. Plaintiff alleges Defendant Jane Doe No. 1 told him he would be transferred soon and would have to seek additional medical care at the next facility. (D.E. 1, Page 8).

On about June 17, 2016, Plaintiff was transferred to the Nueces County Jail. Plaintiff alleges he immediately made contact with Defendant Jane Doe No. 2, a medical intake nurse, and requested medical attention for his left eye. (D.E. Page 9). Defendant Jane Doe No. 2 gave Plaintiff Tylenol and told him he would have to seek additional treatment at his next facility because he would only be at the Nueces County Jail for a few days. During this eight day period, Plaintiff alleges his eye had become swollen and irritated and his eyesight was getting worse with each passing day. (D.E. 1, Page 10). Plaintiff filed numerous written grievances which were refused.

On June 22, 2016, five days after arriving at the Nueces County Jail, Plaintiff was transferred to the U.S. Bureau of Prisons Transfer Center in Oklahoma City, Oklahoma. (D.E. 1, Page 10). Plaintiff alleges he immediately told Defendant Dr. G. Petry, M.D. and Defendant Nurse T. Hernandez of his medical problems with his left eye. (D.E. 1, Page 10). Plaintiff alleges his requests to be seen by an eye specialist were denied. (D.E. 1, Page 10). On June 23, 2016, Defendant Dr. Gentry and Defendant Pharmacy Tech. B. Hamburger ordered eye drops for Plaintiff, described by Plaintiff as "tobramycin sulffate, and prednosolone" to treat Plaintiff's inflamed left eye. (D.E. 1, Page 11). On June 23, 2021, Defendants Gentry, Hernandez, and Hamburger cleared Plaintiff medically for

transfer. (D.E. 1, Page 11). Plaintiff alleges he was housed at the Oklahoma City Transfer Facility for nine days without being seen by a specialist.

On July 1, 2016, Plaintiff arrived at the Robert A. Deyton Detention Facility in Lovejoy, Georgia. (D.E. 1, Page 11). Medical personal examined Plaintiff and prescribed Plaintiff with "steroid medication Prednisolone and tobramycin ophlamic solution." (D.E. 1, Page 11). On August 25, 2016, Plaintiff was taken to a specialist for treatment. On August 26, 2016, Plaintiff was prescribed additional medications. While not detailed in the complaint, Plaintiff testified he has undergone two eye surgeries while a federal inmate, the first in March or April of 2017 and the second on December 19, 2019. Plaintiff explains the surgeries were not successful and he is blind in his left eye with severely blurred vision in that eye. Plaintiff further testified he was supposed to have a third surgery but was recently informed the surgery had been canceled.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.     **DISCUSSION**

In determining whether to retain or dismiss Plaintiff's claims, it is necessary to consider whether they are barred by the running of the applicable statute of limitations. A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that Plaintiff's claims are barred by limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). "A

section 1983 claim to redress a medical injury arising from deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause. The statute of limitations starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *Harris*, 198 F.3d at 156.

Plaintiff signed his civil rights complaint on August 23, 2021, (D.E. 1, Page 41), over five years after the events regarding the incidents of alleged neglect giving rise to this action. Plaintiff's complaint and his *Spears* hearing testimony indicate he knew of the injury to his eye the day it occurred, on June 10, 2016. Plaintiff alleges that from the date of the injury he was unsatisfied with the quality of care provided to him by the Defendants. He alleges he should have been seen by a specialist and he made that request on a daily basis to the Defendants in 2016.

At the *Spears* hearing, the undersigned explained the concept of limitations and the consequences of waiting too long to file a civil rights law suit. Plaintiff was thereafter given an opportunity to explain why he waited over five years to file this action. Plaintiff explained that until recently he was still undergoing medical treatment. Once he determined the medical care he was receiving was not going to cure his eye and vision problems, he filed this action.

Liberally construed, Plaintiff argues the applicable statute of limitations period for his claims should be equitably tolled. "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012).

Plaintiff's allegations wholly fail to indicate he acted with diligence to pursue his rights in connection with the events occurring in 2016 relating to his pretrial detention medical care. Rather, Plaintiff's delay in filing this action was due to his own misunderstandings and lack of knowledge about the legal process as to when he could pursue his claims. *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding that plaintiff's unfamiliarity with the legal process during the filing period does not warrant equitable tolling). Plaintiff's allegations, therefore, are insufficient to suggest any grounds for equitably tolling the applicable two-year statute of limitations period.

The undersigned notes Plaintiff does not speak English. However, his lack of proficiency in the English language is not a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. "Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not warrant equitable tolling." *United States v. Morfin*, 3-03-CR-434M, 2007 WL 837276, at *3 (N.D. Tex. Mar. 20, 2007) (citations omitted).

Accordingly, the undersigned respectfully recommends Plaintiff's claims of deliberate indifference to his serious medical needs in 2016 be dismissed with prejudice as time barred.[5]

## V.   CONCLUSION

Because Plaintiff's claims are time barred by the running of applicable two-year statute of limitations, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED on October 20, 2021.

Jason B. Libby
United States Magistrate Judge

---

[5] The instant lawsuit is limited to Plaintiff's claims for deliberate indifference while he was a pretrial detainee in 2016. This case does not involve Plaintiff's current medical care or claims of deliberate indifference to his current medical needs. The undersigned explained this to Plaintiff and further explained he could pursue a new lawsuit, if necessary, after exhausting his remedies at his current facility.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).